# IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, BRADLEY UNIVERSITY CHAPTER et. al,<br>    Plaintiffs,<br><br>v.<br><br>BRADLEY UNIVERSITY,<br>    Defendant. | Case No. 1:25-cv-01223-JEH-RLH |

**Order**

Now before the Court is the Response from the Plaintiffs (D. 16) and the Defendant (D. 17) to the Show Cause Order that was entered in this case regarding jurisdictional issues that were raised by the Court *sua sponte*.[1] (D. 15 at ECF p. 12-13). For the reasons that follow, the Court dismisses Count One without prejudice and refers the remainder of the case to the Magistrate Judge for further case management.

**I**

On June 4, 2025, the Plaintiffs filed the putative class action Complaint. (D. 1). After receiving an extension of time to file an Answer, the Defendant filed a Motion to Dismiss and Memorandum in Support on September 2, 2025 (D. 9 & D. 10), to which the Plaintiffs filed their Response on September 16, 2025. (D. 11). On September 24, 2025, the Defendant filed a Reply (D. 13) and a Motion to Stay Discovery on October 15, 2025. (D. 14). On October 23, 2025, the Court denied the

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Motion to Dismiss (D. 9), granted the Stay of Discovery, and issued a Show Cause Order directing further briefing on jurisdictional issues identified by the Court. *See* (D. 15). The Plaintiffs filed their Response (D. 16) to the Show Cause Order on November 21, 2025, and the Defendant filed its Response on December 23, 2025. (D. 17). The matter is now fully briefed.

## II

In this case, there are two different causes of action. (D. 1 at ECF p. 22-25). Count One is a Breach of Contract action on behalf of a putative class made up of "approximately 38 faculty members" alleging Bradley violated various policies, procedures, and other contractual obligations owed to them; Count Two alleges Race Discrimination on behalf of Professor Azab in violation of 42 U.S.C. § 1981. *Id.* Plaintiffs invoke the Court's jurisdiction "pursuant to its authority over civil actions arising under the laws of the United States and pursuant to its authority over claims that form part of the same case or controversy as those arising under federal law." (D. 1 at ECF p. 4) (citing 28 U.S.C §§ 1331, 1367). However, in its previous Order, the Court expressed doubts about the propriety of its jurisdiction under the circumstances of this case and accordingly directed the issue to be briefed by the parties. *See* (D. 15 at ECF p. 12-13). In particular, the Court's Order questioned whether the claims raised in this case are 1) sufficiently related to exercise supplemental jurisdiction over the state law claim and, assuming they are, whether 2) the state issues in this case predominate over those which the Court possesses original jurisdiction. *See id.* For the reasons that follow, the Court finds that exercising its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is inappropriate in this case, and, therefore, dismisses Count One—the state law claim—without prejudice.

## A

"If a district court possesses original jurisdiction over one claim, 28 U.S.C. § 1367(a) permits that court to also exercise supplemental jurisdiction over any claim that is 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Preston v. Wiegand*, 573 F. Supp. 3d 1299, 1307 (N.D. Ill. 2021) (quoting *Walker v. Ingersoll Cutting Tool Co.*, 915 F.3d 1154, 1157 (7th Cir. 2019)). "Federal courts may, in their discretion, exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact.'" *Id.* (quoting *Hansen v. Bd. of Trs. Of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 606-07 (7th Cir. 2008)). Here, the Court only possesses original jurisdiction over Count Two, Professor Azab's race discrimination claim arising under 42 U.S.C. § 1981. *See* 28 U.S.C. § 1331. Thus, supplemental jurisdiction can be exercised over Count One if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

To determine whether Count One forms "part of the same case or controversy" under § 1367(a), courts must decide whether they "derive from a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (quoting *Baer v. First Options of Chi., Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). "A loose factual connection between the claims is generally sufficient." *Id.* However, Plaintiffs have failed to demonstrate that connection. That is because to prove the § 1981 claim alleged in Count Two, Professor Azab will need to show that her race was a but-for cause of the loss of a legally protected right which will require a determination of Bradley's motives for terminating her. *See Comcast Corp. v. Na'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331 (2020). By contrast, the Breach of Contract claim will require proving a different set of facts and elements

3

that are not necessary to proving race discrimination under § 1981. *Compare Comcast Corp.*, 589 U.S. at 331, *with Yash Venture Holdings, LLC v. Moca Fin., Inc.*, 116 F.4th 651, 657 (7th Cir. 2024) (discussing the elements of a breach of contract claim). Plaintiff argues "both counts involve the legality of the termination of faculty through the same layoff decision, and Dr. Azab is a plaintiff to both counts." (D. 16 at ECF p. 3). And that may be true in a broad sense, but the elements and evidence needed to prove those claims will differ greatly. For Plaintiffs to succeed in their Breach of Contract claim, they need not discuss a racially discriminatory animus. On other hand, the gravamen of Count Two will turn on Bradley's alleged motives. At the fringes, Plaintiffs may be correct that there could be overlap in the evidence they rely on to prove their claims such as whether Bradley "adhered to stated policies and procedures", but evidentiary overlap in the minutiae is not a substitute for a factual connection "derive[d] from a common nucleus of *operative* facts." *Sanchez & Daniels*, 503 F.3d at 614 (emphasis added); *see also Saud v. DePaul Univ.*, 2018 WL 5577239, at *7 (N.D. Ill. Oct. 29, 2019) (finding the Plaintiff Professor's state law claims "have little, if any, overlap with" his § 1981 claim alleging race discrimination). Where, such as here, "the state law claim provides the 'factual background' for the federal claim but where the federal claims 'will be wholly unaffected if the [state] claim is dismissed, and the [state] claim can be resolved regardless of whether' the defendant is found to be liable under the federal claim, the connection is not sufficient to confer supplemental jurisdiction". *O'Shea v. Augustana Coll.*, 593 F. Supp. 3d 838, 854 (C.D. Ill. 2022) (citations omitted). For those reasons, the Court determines Counts One and Two do not form part of the "same case or controversy", and, therefore, supplemental jurisdiction under § 1367(a) should not be exercised.

**B**

Even assuming Counts One and Two did derive from a common nucleus of operative facts, a district court "may [still] decline to exercise supplemental jurisdiction over a claim" if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."[2] 28 U.S.C. § 1367(c)(2). Indeed, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). To that end, "[t]he Seventh Circuit has 'acknowledge[d] the broad discretion of district judges in making judgments concerning the retention of supplemental claims.'" *Saud*, 2019 WL 5577239, at *8 (quoting *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997)). A state issue predominates when it constitutes "the real body of a case" such that the federal issue is a mere "appendage." *Gibbs*, 383 U.S. at 727. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726.

Here, while there are competing state and federal Counts, it is clear that Count One's Breach of Contract claim substantially predominates over Count Two's § 1981 claim. The Court previously noted the "proof required to establish a breach of thirty-eight separate contracts may substantively outweigh the proof required for one Count alleging racial discrimination." (D. 15 at ECF p. 13). In response to that concern, Plaintiffs note that there are "functionally far fewer contracts at issue" and that "the language in the contracts of tenure-track" and "tenured faculty" are, respectively, nearly identical.[3] (D. 16 at ECF p. 4). Of course,

---

[2] Plaintiffs "state that another Plaintiff . . . has filed an EEOC charge of discrimination under Title VII, possibly leading to an amendment of the Complaint" (D. 16 at ECF p. 6), but the Court must rule on the issues currently before it and, at any rate, Plaintiffs are still free to seek leave to amend if they so choose.
[3] Plaintiffs' remarks do not actually identify how many different contracts are at issue in this case.

5

nearly identical contracts are not the same as identical ones, and any difference between a contract's language can—in some circumstances—have an outsized impact with respect to its interpretation and application. So, the Court's concern remains. Furthermore, deciding the state law claim would necessitate the Court's foray into Illinois contract law, an issue which "should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in the appropriate state tribunal. *Gibbs*, 383 U.S. at 726. Consistent with that principle, and as Plaintiffs recognize, "federal courts simply have more experience and expertise with the [federal] civil rights statutes" at issue in this case, and it is "the more appropriate venue for litigating Dr. Azab's federal discrimination claim". (D. 15 at ECF p. 5). To that end, dismissing the state law claim will permit the Court to focus on Count Two, the claim falling within its original jurisdiction. See 28 U.S.C. § 1331. Therefore, the Court dismisses Count One without prejudice.

### III

For the reasons stated *supra*, the Court dismisses Count One without prejudice. The Court refers the remainder of the case to the Magistrate Judge for further case management.

*It is so ordered.*

Entered on January 29, 2026

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE