E-FILED
Thursday, 25 June, 2026  08:15:59 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

MARIAN AZAB and SAMANTHA KIRK,

 *Plaintiffs,*

v.

BRADLEY UNIVERSITY,

 *Defendant.*

Case No. 1:25-cv-01223-JEH-RLH

**ORDER & OPINION**

This case began as a putative class action but has evolved into something much different. The dispute arose when Bradly University announced that it was laying off thirty-eight faculty members, citing financial concerns. The faculty members responded with a class-action complaint, asserting breach-of-contract claims under Illinois law. The complaint also asserted a single race-discrimination claim under 42 U.S.C. § 1981 on behalf of one class member: Professor Marian Azab. The Court dismissed the state-law claims (and hence the putative class), finding no good reason to exercise supplemental jurisdiction over them. All that remained was one plaintiff (Azab), one claim (race discrimination under § 1981), and one defendant (Bradley).

Azab and another member of the now-dismissed class—Professor Samantha Kirk—now move for leave to amend their complaint. The proposed complaint drops all breach-of-contract and class allegations but retains Azab's § 1981 claim. It also adds two new claims on behalf of Kirk: sex discrimination under Title VII and Illinois law. Bradley urges the Court to deny leave to amend because the complaint is futile—

that is, it would not survive a motion to dismiss. But the proposed amended complaint suffers from a different problem: Rule 20 does not allow Azab and Kirk to effectively shoehorn two separate lawsuits into one.

Federal Rule of Civil Procedure 20(a) limits the kind of plaintiffs who may join a single lawsuit. It imposes two requirements. First, the plaintiffs must "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Second, the lawsuit must implicate "any question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1)(B). Because these requirements do not lend themselves to "hard and fast rules," they are examined on a "case-by-case" basis. *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000).

Start with the second requirement. Azab alleges that Bradley unlawfully terminated him under § 1981. To prove that claim, he must demonstrate that (1) he is a member of a racial minority; (2) that Bradly intended to discriminate against him because of his race; and (3) that the discrimination concerned, among other things, the termination of a contract. *See Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 951 (N.D. Ill. 2013) (quoting *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)). Kirk, by contrast, alleges that Bradley unlawfully terminated her under Title VII. To prove that claim, she must demonstrate that (1) she is a member of a protected class; (2) she was meeting Bradley's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than

similarly situated male employees. *Whittaker v. N. Illinois Univ.*, 424 F.3d 640, 647 (7th Cir. 2005).[1]

These claims are wildly different. Section 1981 concerns race discrimination; Title VII does not. Section 1981 requires a showing of intent; Title VII does not. Section 1981 forbids discrimination only in the context of statutorily enumerated activities (like the termination of contracts); Title VII does not. And Title VII requires evidence at the employer treated similarly situated employees differently; § 1981 does not. Azab's and Kirk's claims therefore share no common legal questions. Nor, for that matter, do they share common factual ones. Yes, both were let go from Bradley during the same round of layoffs. But the similarities in their cases end there. They worked in different departments (Azab in Sociology; Kirk in Mathematics), presumably reported to different department heads, and bring different theories of discrimination. Rule 20(a) demands more than a common employer before joinder will be allowed. *See Bailey*, 196 F.R.D. at 516 (declining to join claims of five plaintiffs terminated from the same company because there was no "causal link between a common and identifiable wrongful act on part of the defendant and the adverse actions taken with respect to each plaintiff").

Joining Azab and Kirk would violate Rule 20(a)'s first requirement too. It asks whether the plaintiffs' claims share a "logical relationship"—that is, whether they

---

[1] Kirk's claim under the Illinois Human Rights Act requires her to prove virtually identical elements. *See Powell v. Chicago Hum. Rights Comm'n*, 906 N.E.2d 24, 31 (Ill. App. Ct. 2009) ("[T]he complainant must show that: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she was discharged despite the adequacy of her work; and (4) a similarly situated employee who was not a member of the protected group was not discharged.").

3

"ensue from a common factual background." *In re* Price, 42 F.3d 1068, 1072 (7th Cir. 1994). Again, both Azab and Kirk both worked for Bradley, and they were terminated when Bradley began experiencing financial difficulty. But the relationship—if any—between their terminations is altogether unclear. Indeed, the proposed amended complaint identifies no common policy that resulted in either Kirk's nor Azab's termination. Nor could it: They allege they were let go for completely different reasons—sex discrimination and race discrimination. *See Lozada v. City of Chicago*, No. 10-cv-1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (explaining that Rule 20 asks, among other things, whether the alleged misconduct "implicated a 'system of decision-making' or 'widely-held policy of discrimination'").

In short, Rule 20 seeks to promote judicial efficiency. *See United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012). When two or more plaintiffs assert claims that share common factual and legal questions, joining them furthers that goal. But when, as here, the claims are fundamentally different, joint adjudication does not make the proceedings more efficient—it makes them more confused.

## CONCLUSION

IT IS THEREFORE ORDERED that Azab's Motion to Amend, (Doc. 24), is DENIED. Should Kirk wish to pursue her sex-discrimination claims, she must file a separate lawsuit. That said, the Court agrees that amending Azab's complaint would streamline the proceedings because the operative complaint, (Doc. 1), sets forth several class claims and breach-of-contract allegations that have been dismissed. Accordingly, Plaintiff Azab is ORDERED to file, within twenty-one days of this Order,

4

an amended complaint that includes only her remaining claims. Bradley must then respond in accordance with Rule 15(a)(3).

*So ordered.*

Entered this 24th day of June 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge